United States District Court
Southern District of Texas
**ENTERED**
October 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM LEE GRANT, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-21-652 |
| | § | |
| JAMES A. BAKER, III, | § | |
| | § | |
| Defendant. | § | |

### ORDER

Pending before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss (Document No. 3). Having considered, the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This is a case alleging a wide-ranging government conspiracy conducted over the course of decades. Plaintiff William Lee Grant, II ("Plaintiff") is allegedly an Illinois resident and former employee of the Illinois Governor's Office. Plaintiff alleges he was subject to a government conspiracy led by Defendant James A. Baker, III ("Defendant"), a former government official whose career included two tenures as White House Chief of Staff, a period as United States Secretary of the Treasury, and a period as United States Secretary of State. The conspiracy to which Plaintiff was allegedly subject includes many facts, including being detained in the basement

of the Pentagon, being beaten, being subjected to psychological warfare, having the enamel drilled off Plaintiff's teeth by Plaintiff's dentist at the direction of Defendant, having Plaintiff's optometrist give Plaintiff an incorrect eyeglass prescription at the direction of Defendant, attempting assassination of Plaintiff, colluding with both law enforcement and Plaintiff's lawyers to get Plaintiff convicted of domestic battery and driving under the influence, being "forced to 'act gay' for seven (7) years,"[1] colluding with all the employers to which Plaintiff applied for a job to force Plaintiff to accept employment with the Office of the Illinois Lieutenant Governor, colluding with the Office of the Illinois Lieutenant Governor to make Plaintiff's work environment hostile, and attempting to assassinate Plaintiff for a second time.

On January 7, 2021, Plaintiff filed this lawsuit, *pro se*, against Defendant in the 61st Judicial District Court for Harris County, seeking damages of $99 trillion. The original petition does not state any particular legal claims. On March 5, 2021, Defendant moved to dismiss for failure to state a claim.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] *Notice of Removal*, Document No. 1, Exhibit A at 13 (*Original Petition*) [hereinafter *Original Petition*].

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendant contends Plaintiff fails to state a claim because his petition does not assert any particular claims or theories of liability against Defendant, and even if Plaintiff had stated a claim, his claims are not plausible. Plaintiff contends his claims are plausible.

Rule 12(b)(6) provides for dismissal of an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim is plausible if the complaint contains factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged. *Id.* Plausibility will not be found where the complaint pleads facts merely consistent with a defendant's liability or where the complaint is made up of naked assertions devoid of further factual enhancement. *Id.* Plausibility, not sheer possibility or even conceivability, is required to survive a motion to dismiss. *Id.*

Plaintiff, who appears to be a serial litigant,[2] includes many details in his pleadings but asserts no actual claims. Among the details are the allegation President Ronald Reagan "genetically-engineer[ed]" Plaintiff to predict future nuclear attacks,[3] Defendant forced Plaintiff to perform oral sex on an individual named Dr.

---

[2] Although it is unclear, it appears from the original petition Plaintiff has filed at least five separate lawsuits regarding these allegations at various courts, all of which Plaintiff represents as having been dismissed. *See Original Petition, supra* note 1. Defendant represents Plaintiff has filed at least fifteen lawsuits regarding these allegations, all of which have been dismissed, are currently pending, or were terminated after the denial of a motion to proceed *in forma pauperis. Defendant's Rule 12(b)(6) Motion to Dismiss*, Document No. 3 at 2. Plaintiff does not deny Defendant's allegations.

[3] *Plaintiff's Objection to Defendant's Motion to Dismiss*, Document No. 5 at 4.

4

Bill Grant,[4] Plaintiff "was intimidated" to stab Dr. Bill Grant or the United States Department of Defense would have sent a special operations soldier to kill Dr. Bill Grant,[5] Defendant attempted to have Plaintiff assassinated as he walked by foot from Illinois to Maryland for unclear reasons,[6] and Defendant attempted to "set-up" Plaintiff for "mental illness" and bribery of public officials.[7] Further, Plaintiff does not explain exactly why he believes Defendant arranged for these things to happen to him. At no point in the original petition does Plaintiff assert an actual legal claim. The Court thus finds Plaintiff fails to state a plausible claim for relief in his original petition. Accordingly, the motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Rule 12(b)(6) Motion to Dismiss (Document No. 3) is **GRANTED**.

The Court will enter a separate final judgment.

---

[4] *Original Petition, supra* note 1, at 11. Plaintiff does not explain who Dr. Bill Grant is, his relation to Defendant, or why he was allegedly forced to perform oral sex on Dr. Bill Grant.

[5] *Plaintiff's Objection to Defendant's Motion to Dismiss*, Document No. 5 at 5. Plaintiff also does not explain why Defendant was threatening to have Dr. Bill Grant killed or why Plaintiff was compelled to save Dr. Bill Grant's life.

[6] *Plaintiff's Objection to Defendant's Motion to Dismiss*, Document No. 5 at 5.

[7] *Original Petition, supra* note 1, at 18.

SIGNED at Houston, Texas, on this __14__ day of October, 2021.

                                                        DAVID HITTNER
                                               United States District Judge